# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**HAROLD DONAVAN SANDERS**                                                                  **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 4:21-CV-P16-JHM**

**ART EALUM** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

### I.

Plaintiff names the following as Defendants in this action – Owensboro Police Department (OPD) Chief Art Ealum; OPD Officer Nick Wellman; and OPD Officer Austin Esther. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff alleges that Defendants Wellman and Esther violated his rights under the Fourth Amendment when they used excessive force to arrest him on September 20, 2020. He specifically alleges that as he was parking his car at his grandmother's house, Defendants Wellman and Esther:

> pulled up and asked me if I was Harold Lamont Sanders and I said "No." Officer [] Wellman said "yes" you are we got warrant for your arrest. At that point Officer [] Esther tackled me while I was bending over putting items in my backpack. A struggle insued were Officer Wellman join in during the struggle Office [] Esther ended up with a laceration on his face. As a result of his injury I was charged with criminal attempt to commit murder of a police officer, resisting and disorderly conduct, . . . with the caption of the name being Harold Lamont Sanders Jr. . . . My name is Harold Donavan Sanders.

After filing this action, Plaintiff notified the Court that the charges against him had been dismissed.[1]

As relief for the alleged violation of his constitutional rights, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard

---

[1] Upon review of the complaint, the Court entered an Order staying this action under *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), pending the outcome of Plaintiff's criminal action (DN 8). After Plaintiff notified the Court that the charges against him had been dismissed (DN 9), the Court entered an Order lifting the stay (DN 11).

of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the OPD Defendants are actually against the City of Owensboro.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d

802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by the City of Owensboro. Thus, because the complaint fails to establish a basis of liability against the City of Owensboro, Plaintiff's official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Ealum

Plaintiff makes no allegations against Defendant Ealum. For this reason, the Court construes the complaint as asserting a claim against him based upon his supervisory position as the OPD Chief of Police. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be

4

based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because Plaintiff has failed to plead "active unconstitutional conduct" on the part of Defendant Ealum, the Court will dismiss the individual-capacity claim against him for failure to state a claim upon which relief may be granted.

### 2. Defendants Wellman and Esther

Upon consideration, the Court will allow Fourth Amendment excessive-force claims to proceed against Defendants Wellman and Esther in their individual capacities.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants and his individual-capacity claim against Defendant Ealum are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against Defendant Ealum, the **Clerk of Court** is **DIRECTED** to terminate him as a party to this action.

The Court will enter a Service and Scheduling Order to govern the claims it has allowed to proceed. In allowing certain claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date: February 18, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Owensboro City Attorney
4414.011